**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT COURT OF FLORIDA**
IN ADMIRALTY

CASE NO. _____

ADAM STOCKHOLM,

      Plaintiff,

vs.

M/Y SUR LA MER f/k/a M/Y HOM, her engines,
tackle, rigging, dinghies, equipment, furniture,
tenders and appurtenances, etc., *in rem,*

      Defendant.

_____/

**SEAMAN'S VERIFIED COMPLAINT *IN REM* TO ENFORCE**
**MARITIME LIEN FOR UNSEAWORTHINESS AND MAINTENANCE AND CURE**

COMES NOW Plaintiff, ADAM STOCKHOLM, by and through his undersigned counsel,

and pursuant to Supplemental Rule C, hereby files this Verified Complaint and sues the M/Y SUR

LA MER, f/k/a M/Y HOM, a 2011, 44-meter Motor Yacht built by Benetti, SpA, IMO number

9611761, her engines, tackle, rigging, dinghies, tenders, equipment, furniture, appurtenances, etc.,

*in rem*, and states as follows:

**GENERAL ALLEGATIONS**

1.      This *in rem* action is brought under the General Maritime Law and the Federal

Maritime Lien Act, including under the 46 U.S.C. § 31301, *et seq.*, and 46 U.S.C. § 31342, to

foreclose a maritime lien in favor of Plaintiff and encumbering the vessel M/Y SUR LA MER f/k/a

M/Y HOM (hereinafter "M/Y SUR LA MER" and/or "M/Y HOM").

2.      This case involves a personal injury and negligence claim arising under the General

Maritime Law of the United States and is thus within this Court's Admiralty and Maritime

jurisdiction within the meaning of U.S. Const. Art. III § 2, 28 U.S.C. §1333, Fed. R. Civ. P. Rule

9(h), Supplemental Rule C and Local Admiralty Rule C. Plaintiff also asserts a preferred maritime lien pursuant to 46 U.S.C. § 31301(5)(B).

3.      The Plaintiff was employed as a crew member aboard the M/Y HOM, and at all material times was a Jones Act seaman pursuant to 28 U.S.C. § 1916 and 46 U.S.C. § 30104, *et seq*. Being a seaman pursuant to 28 U.S.C. § 1916, the Plaintiff is not required to give security for costs upon the filing of this action.

4.      "A vessel is an entity apart from its owner that is liable ... for torts...." *Minott v. M/Y BRUNELLO*, 891 F.3d 1277, 1284 (11th Cir. 2018) (citing *Merchants Nat'l Bank of Mobile v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1345 (5th Cir. Unit A Dec. 1981)). Moreover, "a maritime tort gives the victim a lien against the vessel by operation of the general maritime law...." *Id*. (citing Thomas J. Schoenbaum, Admiralty & Maritime Law § 9-1 (5th ed. 2017)). The lien is created "as soon as the claim comes into being...." *Id*. (citing *The John G. Stevens*, 170 U.S. 113, 117 (1898)). Finally, "[f]ederal district courts obtain *in rem* jurisdiction over a vessel when a maritime lien attaches to it...." *Id*. (citing *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 868 (11th Cir. 2010)). This process is controlled by Supplemental Rule C, which provides that "an action in rem may be brought to enforce any maritime lien...." *Id*. (citing Fed. R. Civ. P. Supp. R. C(1)).

5.      Maritime liens, when owed to seamen as a consequence of their service, "are 'sacred liens' entitled to protection 'as long as a plank of the ship remains.'" *Isbrandtsen Marine Services, Inc. v. M/V Inagua Tania*, 93 F.3d 728, 733 (11th Cir. 1996) (quoting *The John G. Stevens*, 170 U.S. 113, 119, 18 S.Ct. 544, 42 L.Ed. 969 (1898); *United States v. ZP Chandon*, 889 F.2d 233, 238 (9th Cir. 1989) (same). Liens for maintenance and cure are given a similarly high priority. See *Fredelos v. Merritt–Chapman & Scott Corp.*, 447 F.2d 435, 440 (5th Cir. 1971) (*per*

*curiam* on rehearing) ("[T]he shipowner's liability [for maintenance and cure] is among 'the most pervasive' of all." (quoting *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 730, 63 S.Ct. 930, 87 L.Ed. 1107 (1943)) ). In both instances seaman's lien is favored over all others because "just as a seaman owes his first duty to his ship, so does she owe the same to him." *Id.* at 439.

6.      Maritime liens differ from other common law liens in that a maritime lien is "not simply a security device to be foreclosed if the owner defaults;" rather, a maritime lien converts the vessel itself into the obligor and allows an injured party to proceed directly against it through an *in rem* proceeding. *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 868 (11th Cir. 2010).

7.      At all times material hereto, Plaintiff, ADAM STOCKHOLM (hereinafter "STOCKHOLM"), was and is a resident of Broward County, Florida and was and is *sui juris*.

8.      That at all times material hereto, STOCKHOLM was hired and worked as a Jones Act seaman, crew member and/or business invitee on, and served as a seaman and crewmember on board the vessel M/Y HOM.

9.      STOCKHOLM hereby asserts a maritime lien against the Defendant vessel, the M/Y SUR LA MER, f/k/a M/Y HOM, *in rem*, pursuant to Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims, by reason of the unseaworthy condition of the vessel, the Plaintiff's entitlement to maintenance and cure benefits, and damages resulting from the failure to promptly provide said benefits. *Solet v. M/V Captain Dufrene*, 303 F. Supp. 980 (E.D. La. 1969), *Fredelos,* 447 F.2d at 440.

10.     The *in rem* Defendant, M/Y SUR LA MER, is a 2011 Benetti 44-meter motor yacht, IMO number 9611761, and is or will be during the pendency of process herein, within the Southern

District of Florida and within the jurisdiction of this Court. The vessel was renamed M/Y SUR LA MER" from "M/Y HOM" after its former owners sold it.

11.     The M/Y SUR LA MER is now owned by a company apparently registered in the Cayman Islands. However, the ownership of the vessel has not been found in any publicly available United States' databases and therefore is unknown at this time.

12.     Upon information and belief, the vessel M/Y SUR LA MER is home ported in Palm Beach County, Florida and is regularly conducting its business in the Southern District of Florida.

13.     A maritime lien is a privileged claim upon maritime property, such as a vessel. "The lien attaches simultaneously with the cause of action and adheres to the maritime property even through changes of ownership until it is executed through the in rem legal process available or is somehow extinguished by operation of law. A maritime lien is thus a proprietary interest in a *res* that is independent of possession and is not extinguished by transfer of ownership even to a good faith purchaser." Thomas J. Schoenbaum, 1 Admiralty and Maritime Law § 9–1 (4th ed.2004); See *Equilease Corporation v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir.1986), *cert. den.*, 479 U.S. 984, 107 S.Ct. 570, 93 L.Ed.2d 575 (1986) (A maritime lien travels with the ship and is not affected by changes in ownership.).

14.     Venue is proper in this forum as a substantial part of the events or omissions giving rise to the claim, including acts of unseaworthiness and failure to provide maintenance and cure arose and/or occurred in Palm Beach County located in the Southern District of Florida, and the M/Y SUR LA MER is or will be during the pendency of process herein, within the Southern District of Florida. See 28 U.S.C. § 1391.

15.     At all times material hereto, the Plaintiff, ADAM STOCKHOLM, was employed by and served as a seaman and crewmember onboard the Defendant vessel, the M/Y HOM.

16.    On or about July 1, 2021, Plaintiff was working as a seaman onboard the M/Y HOM, when he suffered severe personal injuries, including an injury to his neck, after being ordered to move heavy dehumidifiers from the M/Y HOM's aft deck down to a tender during the course of his duties.

17.    STOCKHOLM immediately reported his injuries, including his neck injury, but he was kept onboard the vessel for and extended period of time and given no medical care. He was unable to receive medical treatment until he disembarked the vessel on his own accord.

18.    STOCKHOLM asked his employer and the vessel owner through its agents to provide him medical care and support for his injuries. Said requests were denied and he was informed he was discharged.

19.    As a result of his injuries arising on the M/Y HOM, Plaintiff suffered severe and permanent damages, including a herniated cervical disc leading to a neck fusion on January 17, 2024.

20.    Plaintiff sought medical care and benefits from his employer and the M/Y HOM, but was denied any benefits whatsoever.

21.    The employer's denial of Plaintiff's maintenance and cure benefits was capricious and arbitrary as Plaintiff's employers and the M/Y HOM have failed to investigate Plaintiff's claims for medical care.

22.    A seaman who is injured or becomes ill while in the employ of a vessel is entitled to receive maintenance and cure from his employer until he reaches the point of maximum medical cure or when a doctor diagnoses the particular injury as a permanent one. *Vella v. Ford Motor Co.*, 421 U.S. 1, 95 S. Ct. 1381, 1384 (1975); *Vaughan v. Atkinson*, 369 U.S. 527, 531, 83 S. Ct. 997, 8 L.Ed.2d 88 (1962); *Langmead v. Admiral Cruises, Inc.*, 610 So.2d 565, 567 (Fla. 3d. DCA 1992).

23.     Plaintiff STOCKHOLM has not been declared to have reached maximum medical improvement ("MMI") by his treating physicians.

24.     Competing maritime lien claims are first ranked according to class. The classes are, from highest priority to lowest, the following:

> (1) Expenses of justice during *custodia legis*—expenses arising from the care and operation of the ship while it is in the custody of the Court through the U.S. Marshal (not regarded as a lien, but given priority); (2) Seamen's liens (including those of the Master) for wages, maintenance and cure; and wages of longshoremen directly employed by the vessel; (3) Salvage and general average liens; (4) Tort liens, including personal injuries; (5) Preferred ship mortgage liens (U.S. flag vessels); (6) Liens for necessaries under the Maritime Lien Act of 1920; (7) State-created liens of maritime nature; (8) Maritime liens for penalties and forfeiture for violation of Federal Statutes; (9) Perfected non-maritime liens, including tax liens; (10) Attachment liens in causes of action within the admiralty and maritime jurisdiction (foreign attachment); (11) Maritime liens in bankruptcy.

*United States v. One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. 413, 415 (E.D. La. 1983); *see also* 46 U.S.C. § 31326 ("[T]he preferred mortgage lien ... has priority over all claims against the vessel (except for expenses and fees allowed by the court, costs imposed by the court, and preferred maritime liens)[.]"). Claimant's lien is of the highest priority.

## COUNT I – *IN REM* ACTION FOR MAINTENANCE AND CURE

Plaintiff realleges paragraphs 1 through 24 as if stated herein *in extenso* and further alleges:

25.     Under the General Maritime Law and by operation of federal law, Plaintiff STOCKHOLM, as a seaman, is entitled to recover maintenance and cure from the vessel M/Y HOM, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage, whichever is longer.

26.     The M/Y HOM's breach of duty to provide Plaintiff with breach of duty to provide Plaintiff with maintenance and cure is unreasonable, willful and wanton, and in callous disregard for Plaintiff's rights under the General Maritime Law.

27.     Further, M/Y HOM unreasonably failed to pay or provide Plaintiff with maintenance and cure, which aggravated his condition and caused Plaintiff to suffer additional compensatory damages, including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

28.     In accordance with S. D. Fla. Loc. R. E (1), Plaintiff reasonably estimates damages in the approximate amount of three hundred thousand dollars ($300,000.00) for past medical expenses; three hundred thousand dollars ($300,000.00) in damages for future needed medical expenses; four million eight hundred sixty thousand dollars ($4,860,000) in damages for lost wages and loss of future earning capacity; one million dollars ($1,000,000.00) in damages for past and future physical pain and suffering, loss of enjoyment of life, and mental and emotional pain and suffering; and one hundred thousand dollars ($100,000.00) in reasonable attorneys' fees, and prejudgment and post-judgment interest.

29.     Plaintiff, STOCKHOLM, has a maritime lien for maintenance and cure against the vessel SUR LA MER f/k/a M/Y HOM. "The duty of a shipowner to pay a seaman's maintenance and cure has been viewed as creating a maritime lien of the highest priority." *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir. 1990) (citations omitted).

30.     Plaintiff's lien attached at the time his claim for maintenance and cure arose. "A maritime lien attaches and is perfected by operation of law when the claim arises." *Craddock v. M/Y The Golden Rule*, 110 F. Supp. 3d 1267, 1276 (S.D. Fla. 2015) (citations omitted).

31.     The Plaintiff's lien attaches to the *in rem* maritime property, the M/Y HOM, until it is either extinguished by operation of law or executed via the *in rem* legal process available in admiralty. *Id.*; *Minott v. M/Y Brunello*, 891 F.3d 1277 (11th Cir. 2018).

**WHEREFORE**, Plaintiff prays as follows:

a. That a Warrant for Arrest *in rem* issue against the M/Y SUR LA MER f/k/a M/Y HOM;

b. That all persons claiming any interest in the M/Y SUR LA MER f/k/a M/Y HOM may be cited to appear and answer the matters set forth herein that said vessel may be condemned and sold to pay the demands aforesaid and determined to be owed to Plaintiff;

c. That the Maritime Lien for Plaintiff's unpaid maintenance and cure and be declared to be a valid and subsisting lien against the vessel SUR LA MER f/k/a M/Y HOM, superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

d. That all persons, firms and corporations claiming any interest in said vessel who fail to properly file a claim are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said liened vessel;

e. That this Court shall direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to the owner, master, ranking officer or caretaker of said vessel, and to any persons, firms or corporations having interest therein;

f.   That the vessel SUR LA MER f/k/a M/Y HOM, its engines, tackle, equipment, apparel, tender, appurtenances, etc. be condemned and sold to pay the demands aforesaid, together with all interest, costs, fees and expenses;

g.   That the proceeds of the sale of the subject vessel be disbursed and applied to pay the outstanding amounts due to Plaintiff; and,

h.   That Plaintiff be awarded any other and further relief as this Court deems just and proper.

### COUNT II- *IN REM* ACTION FOR UNSEAWORTHINESS

Plaintiff realleges paragraphs 1 through 24 as if stated herein *in extenso* and further alleges:

32.   This action arises as an admiralty and maritime claim under the General Maritime Law. "General maritime law imposes duties to avoid unseaworthiness and negligence upon boats and vessels in navigable waters." *Ehlman v. Acme Towing, Inc.*, 5:05cv-111-R, 2007 WL 528657, *2 (W.D. Ken. Feb. 14, 2007) (citing *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 813 (2001)).

33.   On or about July 1, 2021, while in the performance of his duties onboard the M/Y HOM, Plaintiff, STOCKHOLM was severely injured when he was ordered to unload heavy dehumidifiers from the M/Y HOM's aft deck down to a tender.

34.   At all times material, the vessel SUR LA MER f/k/a M/Y HOM owed a duty to Plaintiff to be a seaworthy vessel and to provide Plaintiff a safe place to work. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984) ("The warranty of seaworthiness is a term of art in the law of admiralty. The warranty imposes a form of absolute liability on a sea vessel. It originally applied to the carriage of cargo and was later extended to cover seamen's

injuries." (citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 80 S. Ct. 926, 4 L. Ed. 2d 941 (1960))).

35.     On the above stated date, Plaintiff, STOCKHOLM, was a seaman and a member of the crew of the M/Y HOM, which was in navigable waters.

36.     On the above stated date, the unseaworthiness of the M/Y HOM was a legal cause of injury and damage to Plaintiff STOCKHOLM by reason of the following:

a.  The vessel had an improper method of operation, including lifting heavy equipment without assistance by other personnel and/or equipment, which created a dangerous condition;

b.  The job methods and procedures were not reasonably fit for their intended purposes as they posed an unsafe method of operation and an unreasonable risk of injury;

c.  The vessel was shorthanded;

d.  The vessel's crew was unfit;

e.  Plaintiff was not provided with sufficient or proper equipment or manpower to perform his duties;

f.  The said vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees at or prior to the time of the commencement of the voyage;

g.  The vessel lacked sufficient tools, equipment, tackle, or other assistive aids or devices for the loading and unloading of heavy items;

h.  The vessel failed to have a safe method of providing medical care and assistance to injured crewmembers;

i.  Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendant is responsible, failed to take suitable precautions for the Plaintiff under the circumstances and conditions then existing and which were within the knowledge of the Defendant.  Said Defendant had actual and constructive notice of unsafe, and dangerous and unseaworthy condition; and

j.  Other acts or instances of unseaworthiness that will be proven.

37.     Due to the unseaworthiness of the M/Y HOM, the Plaintiff suffered injury, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

38.     In accordance with S. D. Fla. Loc. R. E (1), Plaintiff reasonably estimates damages in the approximate amount of three hundred thousand dollars ($300,000.00) for past medical expenses; three hundred thousand dollars ($300,000.00) in damages for future needed medical expenses; four million eight hundred sixty thousand dollars ($4,860,000) in damages for lost wages and loss of future earning capacity; one million dollars ($1,000,000.00) in damages for past and future physical pain and suffering, loss of enjoyment of life, and mental and emotional pain and suffering; and one hundred thousand dollars ($100,000.00) in reasonable attorneys' fees, and prejudgment  and post-judgment interest.

**WHEREFORE**, Plaintiff prays as follows:

a.  That a Warrant for Arrest *in rem* issue against the M/Y SUR LA MER f/k/a M/Y HOM;

b. That all persons claiming any interest in the M/Y SUR LA MER f/k/a M/Y HOM may be cited to appear and answer the matters set forth herein that said vessel may be condemned and sold to pay the demands aforesaid and determined to be owed to Plaintiff;

c. That the Maritime Lien for Plaintiff's injuries arising from the M/Y SUR LA MER f/k/a M/Y HOM's unseaworthiness be declared to be a valid and subsisting lien against the vessel SUR LA MER f/k/a M/Y HOM, superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

d. That all persons, firms and corporations claiming any interest in said vessel who fail to properly file a claim are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said liened vessel;

e. That this Court shall direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to the owner, master, ranking officer or caretaker of said vessel, and to any persons, firms or corporations having interest therein;

f. That the vessel SUR LA MER f/k/a M/Y HOM,  its engines, tackle, equipment, apparel, tender, appurtenances, etc., be supplementary arrested be condemned and sold to pay the demands aforesaid, together with all interest, costs, fees and expenses;

g. That the proceeds of the sale of the subject vessel be disbursed and applied to pay the outstanding amounts due to Plaintiff; and,

h. That Plaintiff be awarded any other and further relief as this Court deems just and proper.

Respectfully submitted this 1st day of July, 2024.

**BILLERA LAW**
*Attorneys For Plaintiff*
2201 N.W. Corporate Blvd. Suite 200
Boca Raton, FL 33431
T: (561) 500-7777; F: (561) 500-7778
Primary Email: John@Billeralaw.com
Secondary Email: Nigina@Billeralaw.com
Third Email: Jenika@billeralaw.com
By:     **/S/ JOHN F. BILLERA**
         JOHN F. BILLERA, ESQ.
         Florida Bar No.: 869041


## VERIFICATION

1.  My name is ADAM STOCKHOLM. I am over the age of 18 and otherwise competent

    to execute this verification.

2.  I make this verification based upon my own personal knowledge.

3.  I have read the foregoing Verified Complaint and the allegations contained in the

    Verified Complaint are true and correct.

Pursuant to 28 U.S. Code § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2024.

ADAM STOCKHOLM, Plaintiff